# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| PHILLIP LANGLEY | : | DOCKET NO. 05-0019 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

On July 20 and August 15, 2000, respectively, Phillip Langley filed applications for Supplemental Security Income and Disability Insurance Benefits. (Tr. 49-50, 117-119). He alleged an inability to work since July 2, 2000, due to a broken right arm. (Tr. 49, 55). The claims were denied at the initial level of the administrative process. (Tr. 31-37, 120). Thereafter, Langley requested, and received an October 17, 2001, hearing and a January 29, 2002, supplemental hearing before an Administrative Law Judge ("ALJ"). (Tr. 121-162). However, in a March 5, 2002, written decision, the ALJ determined that Langley was not disabled under the

Act, finding at Step Four of the sequential evaluation process that he could return to past relevant work as a mental health technician and driver. (Tr. 12-20). Langley appealed the unfavorable decision to the Appeals Council. Yet, on October 29, 2004, the Appeals Council denied Langley's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

Langley now seeks to have this court review the denial of benefits. He alleged the following errors:

(1) the ALJ misapplied the Commissioner's Listing at § 12.00;

(2) the ALJ's residual functional capacity assessment is not supported by substantial evidence;

(3) the ALJ posited a defective hypothetical to the vocational expert; and

(4) the ALJ failed to fully and fairly develop the facts

On December 14, 2005, in lieu of filing an opposition brief, the Commissioner filed a motion to remand this matter for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). The motion states that upon remand the ALJ shall secure plaintiff's complete academic record, including all I.Q. test results, plaintiff's vocational history, and if necessary, obtain a medical expert to determine whether plaintiff meets Listing 12.05C. Following a delay for additional briefing, the matter is now before the court.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are

2

conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit him to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps

3

place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

**Issue 1**:

The ALJ found at Step Two of the sequential evaluation process that Langley suffered from severe impairments of status-post right distal radius fracture of the wrist with closed reduction and external fixation surgery, depression and mild mental retardation. (Tr. 14, 19). However, he concluded that the impairments were not severe enough to meet or medically equal any one of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*.

In his decision, the ALJ noted that Langley's I.Q. scores were consistent with mild mental retardation. (Tr. 15).[1] The ALJ concluded that "from the degree of functional limitation," Langley had mild mental retardation and depression. (Tr. 15). However, the ALJ concluded that Langley did not meet Listing 12.05C because he did not have a physical or other mental impairment that imposed additional and significant work-related limitation of function. *Id*. Plaintiff challenges this finding by pointing out that the ALJ found that he suffered from severe impairments of depression and status-post right distal radius fracture of the wrist with closed reduction and external fixation surgery.

In the introduction to the listing on mental disorders, the regulations provide that,

---

[1] Langley achieved a verbal I.Q. of 68, a performance I.Q. of 72, and a full scale I.Q. 67. (Tr. 15, 101).

4

> [f]or paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work.

Listing 12.00(A), 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Here, because the ALJ found that Langley had additional severe mental and physical impairments, the regulations dictate that Langley has "an additional and significant work-related limitation of function" as contemplated under Listing 12.05(C). *Id.*; *see also, Romero v. Secretary of Health & Human Services*, 707 F.Supp. 249 (W.D. La. 1989).[2]

In her memoranda, the Commissioner does not argue that Langley does not have an additional and significant work-related limitation of function. Indeed, she concedes that the ALJ's decision constituted legal error and that remand is required. (Def. Response Brief, pg. 2). Accordingly, we find that the ALJ's finding is not supported by substantial evidence, and is clearly erroneous.

Thus, the question becomes whether this case should be remanded for reconsideration by the Commissioner upon a record to be amplified, or remanded for calculation of benefits. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750

---

[2] We also note that the impairments resulted in limitations to Langley's residual functional capacity. (Tr. 17-18, 106-109)

F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits).

The Commissioner contends that mental retardation is characterized by significantly sub-average general intellectual functioning with deficits in adaptive functioning, and that plaintiff has not demonstrated same. (Def. Resp. Brief, pg. 3). The Commissioner proposes remand to address these issues. We agree with the Commissioner's recitation of the requirements for mental retardation. *See*, Listing 12.05, 20 C.F.R. Pt. 404, Subpt. P, App. 1; and *In re Hearn*, 376 F.3d 447, fn. 6 (5th Cir. 2004).[3] However, by concluding that Langley suffered mild mental retardation, the ALJ implicitly found that Langley suffered significantly sub-average general intellectual functioning (*i.e.* a valid I.Q. score below 70), and deficits in adaptive functioning that manifested before age 22.[4] The ALJ's decision in this regard is supported by substantial evidence.

First, the ALJ did not question the validity of the I.Q. results. Second, we observe that

---

[3] The American Association on Mental Retardation defines mental retardation as: (1) subaverage general intellectual functioning (i.e., an IQ of approximately 70 to 75 or below) existing concurrently with (2) related limitations in adaptive functioning; and (3) onset before the age of eighteen. AM. ASS'N ON MENTAL RETARDATION, MENTAL RETARDATION: DEFINITION, CLASSIFICATION, AND SYSTEMS OF SUPPORTS 1 (9th ed.1992).

*In re Hearn* 376 F.3d 447, 455 (5th Cir. 2004). But note, the social security regulations require onset before age 22. Listing 12.05, 20 C.F.R. Pt. 404, Subpt. P, App. 1.

[4] At Step Four of the sequential evaluation process, the ALJ emphasized that Langley's mild mental retardation did not prevent him from performing past relevant work. (Tr. 18). While the ALJ's observation is unquestionable, it is essentially superfluous when as here, the claimant has demonstrated *per se* entitlement at Step Three of the process. *See*, discussion, *infra*.

deficits in adaptive functioning are generally measured for the following skill areas: "communication, self-care, home living, social/interpersonal skill, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition DSM-IV, p. 39. Here, the record provides requisite evidence that Langley suffered significant limitations in functional academic skills (failed three grades and dropped out of school), and in social/interpersonal skills (ridiculed by children in school, and had difficulty with them outside of school), all before the age of 22. (Tr. 132-135).

Thus, the instant record enables us to conclusively determine that Langley meets Listing 12.05(C), and is disabled under the Act. *See, Livings v. Barnhart*, Civil Action Number 03-1755 (W. D. La. 1/13/05)(the court determined that plaintiff met Listing 12.05(C); the prior denial was reversed and benefits awarded); *Romero, supra* (the court determined that plaintiff met Listing 12.05(C); the prior denial was reversed and benefits awarded).[5] Accordingly,

IT IS RECOMMENDED that the Commissioner's motion to remand [doc. # 15] be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's decision be REVERSED, and the matter REMANDED with instructions that the Commissioner grant Plaintiff's application(s) and calculate the disability benefits due him.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[5] We also note that this is not a case where the ALJ may have simply overlooked a potentially applicable listing. At the supplemental hearing, the claimant's representative specifically argued that claimant met 12.05(C). (Tr. 142-143).

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of February, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE